**E-FILED**
Thursday, 24 October, 2013  04:26:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARCUS  HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 13-2119 |
| | ) | |
| KEITH ANGLIN, MARY MILLER, R. | ) | |
| DePRATT, and VICTOR CALLOWAY, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Now Come Defendants, KEITH ANGLIN, VICTOR CALLOWAY, RICHARD DePRATT, and MARY MILLER, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby file the instant Answer and Affirmative Defenses, stating as follows:

1.      This is a civil action arising under 42 U.S.C. §1983.  The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

**RESPONSE: Defendants admit Plaintiff brought the instant action pursuant to 42 U.S.C. §1983.  Defendants admit this court has jurisdiction over all claims not barred by sovereign immunity.**

2.      Plaintiff Marcus Holland is a resident of the State of Illinois.  Plaintiff is not confined in any jail or prison.

**RESPONSE: Defendants admit that Plaintiff is not confined within the Illinois Department of Corrections.  Defendants lack sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 2.**

3.      The events giving rise to this case arose in the Central District of Illinois at the Danville Correctional Center and involve deliberate indifference to the serious risk of harm from contact with geese feces and soil on which geese feces has been allowed to fester.

**RESPONSE: Defendants admit venue is proper.  Defendants deny violating the Plaintiff's rights by acting deliberately indifferent to a serious risk of harm or injury.**

4.      Defendant Keith Anglin served as the Warden and Assistant Warden of Danville Correctional Center.  Plaintiff sues Anglin in his individual capacity.

**RESPONSE: Admit**.

5.      Defendant Mary Miller was the Health and Safety Officer at the Danville Correctional Center.  Plaintiff sues Miller in her individual capacity.

**RESPONSE**: **Defendants admit Plaintiff purports to bring an individual capacity claim.  Defendants deny that Mary Miller is the Health and Safety Officer at the Danville Correctional Center.**

6.      Defendant R. DePratt was a Correctional Officer at the Danville Correctional Center.  Plaintiff sues DePratt in his individual capacity.

**RESPONSE: Defendant DePratt admits he was a Correctional Officer from May 4, 1987 through November 1, 2012.  He is currently employed as a Correctional Supply Supervisor at Danville Correctional Center.**

7.      Defendant Victor Calloway was an Assistant Warden at the Danville Correctional Center.  Plaintiff sues Calloway in his individual capacity.

**RESPONSE: Admit**.

2

8.      Plaintiff was confined at the Danville Correctional Center from November 29, 2011 to March 8, 2013.

**RESPONSE: Based on information provided by Counsel, Defendants deny paragraph 8 is an accurate representation of the dates Plaintiff was confined at Danville Correctional Center.**

9.      While a prisoner at the Danville Correctional Center, plaintiff was required to exercise in an outdoor recreational yard.

**RESPONSE: Deny**.

10.      For many years, the outdoor recreational yard at the Danville Correctional Center has been the home of flocks of geese, who routinely deposit large quantities of feces in the yard.

**RESPONSE: Defendants admit flocks of geese pass through Danville Correctional Center and admit geese deposit feces in the recreational yard.**

11.      One consequence of allowing large quantities of bird feces to fester on an outdoor recreational yard is the growth of a fungus known as Histoplasma capsulatum. Persons who inhale the spores of this fungus face a substantial risk of incurring a serious disease known as histoplasmosis, a potentially fatal lung disease which resembles tuberculosis.

**RESPONSE:   Defendants deny bird feces is allowed to fester on the recreational yard.  Defendant Miller, Anglin, and Calloway admit that they currently have knowledge that certain bird excrement can facilitate the growth of the fungus Histoplasma capsulatum.  Defendant Miller admits histoplasmosis can become a**

**serious medical condition for individuals with compromised immune systems**. **Defendant Miller, Anglin, and Calloway lack sufficient knowledge regarding the remainder of the allegations in paragraph 11.  Defendant DePratt lacks sufficient knowledge to either admit or deny the allegations in paragraph 11.**

12.     At all times relevant, Defendants were aware that geese feces were festering in the recreational yard.

**RESPONSE: Deny**.

13.     At all times relevant, each defendant had the power to require and/or permit prisoners to clean the feces from the recreational yard.

**RESPONSE: Defendant Miller denies the allegations in paragraph 13. Defendant DePratt admits while being assigned as a yard officer and only between the hours of 7 am to 11 am that he had the authority to have the grounds crew/yard workers clean the recreational yard.  Defendants Anglin and Calloway admit they have the authority to require and/or permit offenders to clean the recreational yard.**

14.     In July of 2012, a prisoner named Corey Buchanan asked Defendant DePratt for permission to clean the geese feces from the recreational yard at the Danville Correctional Facility.

**RESPONSE: Defendant DePratt denies the inferred allegation of paragraph 14 that the recreational yard was not cleaned on days the yard was opened.  Defendants DePratt, Anglin, Calloway and Miller currently lack knowledge sufficient to admit or deny the remainder of the allegations in paragraph 14.**

4

15.    Despite Defendant DePratt;s knowledge that the geese feces in the recreational yard were disgusting, unsanitary, and creating an unhealthy condition, DePratt refused to permit Buchanan or any other prisoner to clean the recreational yard.

**RESPONSE:  Defendant Miller lacks sufficient knowledge to either admit or deny the allegations in paragraph 15.  Defendant Anglin, DePratt, and Calloway deny the allegation that the recreational yard is not cleaned on a daily basis when the yard is open.**

16.    Buchanan thereafter submitted a grievance complaining about DePratt's refusal to permit cleaning of the recreational yard.

**RESPONSE: Defendant Miller, Calloway, and Anglin currently lack sufficient knowledge to either admit or deny the allegations in paragraph 16.  Defendant DePratt lacks sufficient knowledge to either admit or deny that Offender Buchanan wrote a grievance regarding an alleged refusal to allow or permit cleaning of the recreational yard.**

17.    The above referenced grievance provided each of defendants Anglin, Miller, and Calloway with actual knowledge of the fact that DePratt has refused to permit prisoners to clean the geese feces from the recreational yard.

**RESPONSE: Defendants Miller, Calloway, and Anglin deny the allegations of paragraph 17. Defendant DePratt lacks sufficient knowledge to either admit or deny the allegation in paragraph 17.**

18.    Defendants Anglin, Miller, and Calloway also obtained actual knowledge of the dangers of geese feces in the exercise yard from grievances filed by two other prisoners:

a.  In February of 2010, a prisoner name Bruse Thurman submitted a grievance because he had contracted histoplasmosis from the geese feces in the recreational yard at Danville Correctional Center.  This grievance was reviewed by one or more of Anglin, DePratt, and Calloway.

b.  In September of 2010, a prisoner named Perry Myrick submitted a grievance because he had become ill from the geese feces in the recreational yard at the Danville Correctional Center.  This grievance was reviewed by on or more of Anglin, DePratt, and Calloway.

**RESPONSE: Defendants Miller, Calloway, and Anglin deny the allegations of paragraph 18.  Defendant DePratt lacks sufficient knowledge to either admit or deny the allegations of paragraph 18.**

19.  After becoming aware of the risk of serious illness caused by the festering of geese feces in the recreational yard, one or more of defendants Anglin, Miller, and Calloway failed to warn prison inmates of these dangers and failed to take any action to ameliorate the dangerous condition, including but not limited to requiring that the yard be cleared of geese feces and/or otherwise decontaminated and/or permitting prisoners to wash their shoes after using the exercise yard.

**RESPONSE: Defendant DePratt lacks sufficient knowledge to either admit or deny the allegations of paragraph 19.  Defendants Miller, Calloway, and Anglin deny the allegations of paragraph 19.**

20.  Rather than take any action to ameliorate the dangerous condition, one or more of defendants Anglin, Miller, Calloway sought to cover-up this deliberate indifference by misrepresenting, in response to the above referred grievances, that the problems posed by the geese feces had been cured.

**RESPONSE: Defendant DePratt lacks sufficient knowledge to either admit or deny the allegations of paragraph 20.  Defendants Miller, Calloway, and Anglin deny the allegations of paragraph 20.**

21.     Plaintiff suffered serious personal injuries as a result of defendants' above described deliberate indifference.

**RESPONSE: Deny**.

22.     On or about August 3, 2012, Plaintiff began to experience severe chest pain and to have difficulty breathing.  Plaintiff's condition worsened, and on August 10, 2012, a CT scan revealed serious lung disease.   Plaintiff was thereafter diagnosed with histoplasmosis.

**RESPONSE: Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 22.**

23.     Plaintiff has suffered serious physical illness, including but not limited to permanent injury to his lungs, as a result of the histoplasmosis.

**RESPONSE: Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 23.**

24.     As a result of the foregoing, plaintiff was deprived of rights secured by the Eighth Amendment to the Constitution of the United States.

**RESPONSE: Deny**.

25.     Plaintiff hereby demands trial by jury.

**RESPONSE: Defendants demand trial by jury.**

## REQUESTED RELIEF

Defendants deny Plaintiff is entitled to any relief.

## JURY DEMAND

Defendants demand trial by jury.

## **AFFIRMATIVE DEFENSES**

1.      As all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating the Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

2.      To the extent Plaintiff's claims are against Defendants in their official capacity, the claims are barred by the Eleventh Amendment.

Respectfully submitted,

MARY MILLER, KEITH ANGLIN,
VICTOR CALLOWAY, and RICHARD DePRATT,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

By:   s/  Robert L. Fanning
Robert L. Fanning, #6296345
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-9056 Phone
(217) 782-8767 Fax
E-Mail: rfanning@atg.state.il.us

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2013, the foregoing document, Defendants' Answer and Affirmative Defenses, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of filing same to the following:

Kenneth Flaxman at knf@kenlaw.com
Neil Toppel at neil.toppel@civilrightsdefenders.com
Attorneys at Law
200 S. Michigan Ave., Ste. 1240
Chicago, IL.  60604

Respectfully Submitted,

 s/  Robert L. Fanning
Robert L. Fanning, #6296345
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-9056 Phone
(217) 782-8767 Fax
E-Mail: rfanning@atg.state.il.us